# NO. 12-15-00282-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID LYNN GREGSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

David Lynn Gregson appeals his conviction for driving while intoxicated. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the offense of driving while intoxicated (DWI), a third degree felony as alleged due to prior DWI convictions.[1] The indictment also contained an enhancement paragraph alleging that Appellant had another prior felony conviction. The State subsequently filed a notice of intent to use a second prior felony conviction to further enhance Appellant's punishment. These enhancements invoked the habitual felony offender statute, which requires a sentence of imprisonment from twenty-five to ninety-nine years or life.[2] Appellant pleaded not guilty to the offense and "true" to the enhancements. After a trial, the jury found Appellant guilty of the offense. After a punishment hearing, the trial court sentenced Appellant to thirty years of imprisonment. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2016).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have considered counsel's brief and conducted our own independent review of the appellate record. We found no reversible error. *See Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we conclude the appeal is wholly frivolous.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is *granted*, and the trial court's judgment is *affirmed. See* TEX. R. APP. P. 43.2.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX.

---

[3] Counsel for Appellant has certified that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have not received a pro se brief.

R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-15-00282-CR**

**DAVID LYNN GREGSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1521515)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*